⚠️ Caution
As of: May 10, 2018 6:24 PM Z

# Weisshaus v. Port Auth. of N.Y. & N.J.

United States District Court for the Southern District of New York

October 24, 2011, Decided; October 24, 2011, Filed

11 Civ. 6616 (LAP)

**Reporter**
2011 U.S. Dist. LEXIS 158650 *

YOEL WEISSHAUS, Plaintiff, -against- PORT AUTHORITY OF NEW YORK AND NEW JERSEY, et al., Defendants.

**Subsequent History:** Reconsideration denied by Weisshaus v. Port Auth., 2011 U.S. Dist. LEXIS 158651 (S.D.N.Y., Dec. 8, 2011)

Affirmed in part and remanded in part by Weisshaus v. Port Auth. of N.Y. & N.J., 497 Fed. Appx. 102, 2012 U.S. App. LEXIS 19744 (2d Cir. N.Y., 2012)

Related proceeding at Matter of Weisshaus v. Port Auth. of N.Y. & N.J., 2015 N.Y. Misc. LEXIS 2311 (N.Y. Sup. Ct., July 1, 2015)

## Core Terms

toll, in forma pauperis, immunity, travel

**Counsel:** [*1] Yoel Weisshaus, Plaintiff, Pro se, New Milford, NJ.

For The Port Authority of New York and New Jersey, Defendant: Kathleen Gill Miller, LEAD ATTORNEY, The Port Authority of New York and New Jersey, New York, NY.

**Judges:** DEBORAH A. BATTS, Acting Chief United States District Judge.

**Opinion by:** DEBORAH A. BATTS

## Opinion

ORDER OF DISMISSAL

DEBORAH A. BATTS, Acting Chief United States District Judge:

Plaintiff filed this Complaint *pro se* challenging toll increases on bridges and tunnels between New York and New Jersey. Plaintiff is granted leave to proceed *in forma pauperis*. For the following reasons, the Complaint is dismissed.

STANDARD OF REVIEW

The Court has the authority to dismiss *sua sponte* an *in forma pauperis* complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an *in forma pauperis* complaint that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B): see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1988). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe *pro se* complaints liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted [*2] to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

BACKGROUND

Plaintiff challenges recent toll increases on bridges and tunnels connecting New York and New Jersey as being "discriminately targeted to restrict his rights and freedoms." Plaintiff, a student living at "poverty level," has been unemployed since 2009 and needs to travel to seek employment and visit with family. According to Plaintiff, there is limited public transportation available where he resides in New Jersey. On days that Plaintiff cannot afford the toll, he tells the toll plaza clerk that he has no money and he is given "permission ... to pursue his way." Nevertheless, Plaintiff is "penalized by the Port

Authority with excessive fines for the sole reason of being poor and not being able to afford [the] toll." Attached to the Complaint are notices of violations charging Plaintiff a $50 penalty. Plaintiff refers to the Port Authority as a "debt collector" and alleges that he and his grandmother have been harassed and intimidated over the debts. Plaintiff alleges violations of his rights pursuant to the *First*, *Fifth* and *Fourteenth Amendments to the United States Constitution* and that Defendants violated the Robinson-Patman Act, *15 U.S.C. §13(f)*. Named as Defendants are the Port **[*3]** Authority of New York and New Jersey, the State of New York, the New York State Assembly, the New York State Senate, the State of New Jersey, a New Jersey State Legislator, the New Jersey State General Assembly, the New Jersey State Senate and "1-20 John Does" and "1-20 Jane Does."

## DISCUSSION

The Court liberally construes the Complaint as alleging constitutional violations pursuant to *42 U.S.C. § 1983*. *Section 1983* allows an individual to bring suit against persons who, acting under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *42 U.S.C. §1983*; *West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)*. Affording the Complaint the liberal reading to which it is entitled, the Court nevertheless finds that Plaintiff has failed to state a valid claim.

### Sovereign Immunity

Plaintiffs claims against New York, New Jersey and its legislators and legislatures must be dismissed. The *Eleventh Amendment* bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has expressly abrogated its immunity. See *Board of Trustees v. Garrett, 531 U.S. 356, 363-64, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001)*; *Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)*. This immunity extends to state legislatures and legislators. See *Tenney v. Brandhove, 341 U.S. 367, 376, 71 S. Ct. 783, 95 L. Ed. 1019 (1951)*; *Almonte v. City of Long Beach, 478 F.3d 100, 106 (2d. Cir. 2007)*. Because neither the states nor their legislators and legislatures have consented to **[*4]** be sued in federal court under *42 U.S.C. § 1983*, and Congress has not expressly abrogated the state's immunity, see *Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d. Cir. 1977)*, Plaintiffs claims against these Defendants are barred by the *Eleventh Amendment*.

### Constitutional Claims

The Port Authority is a bi-state entity created by compact between the States of New York and New Jersey. See *Hess v. Port Authority Trans-Hudson Corporation, 513 U.S. 30, 115 S. Ct. 394, 130 L. Ed. 2d 245 (1994)*; *Langhorne v. Port Authority of New York and New Jersey, 03 Civ. 4610, 2005 U.S. Dist. LEXIS 27100, 2005 WL 3018265 at *1 (S.D.N.Y. Nov. 10, 2005)*. As authorized by the courts and legislature, the Port Authority collects tolls at its bridges and tunnels to finance the cost of its operations. See *Saunders v. Port Authority of New York, 02 Civ. 9768, 2004 U.S. Dist. LEXIS 8482, 2004 WL 1077964, at *1 (S.D.N.Y. May 13, 2004)* (quoting *Wallach v. Brezenoff, 930 F.2d 1070, 1072 (3d Cir. 1991))*.

The right to travel is a fundamental right of United States citizenship that is protected from abridgement by the states, *Saenz v. Roe, 526 U.S. 489, 500-01, 119 S. Ct. 1518, 143 L. Ed. 2d 689 (1999)*, however, the states have the power to regulate the use of motor vehicles on their highways. See, e.g., *Kane v. New Jersey, 242 U.S. 160, 37 S. Ct. 30, 61 L. Ed. 222 (1916)*. Non-discriminatory state-created burdens placed on travel - such as gasoline taxes, licensing requirements and tolls — do not constitute a violation of the right to travel, as they place only a negligible burden on commerce. See *Miller v. Reed, 176 F.3d 1202, 1205 (9th Cir. 1999)*; *Kansas v. United States, 16 F.3d 436, 442, 305 U.S. App. D.C. 14 (D.C. Cir. 1994)*; *Wallach, 930 F.2d at 1072* (rejecting claims that toll increases infringed the constitutional right to travel, violated the *Commerce Clause* or were excessive in relation to costs). Moreover, there **[*5]** is no fundamental right to drive a motor vehicle. See *Duncan v. Cone, 00 Civ. 5705, 2000 U.S. App. LEXIS 33221, 2000 WL 1828089, at *2 (6th Cir. Dec.7, 2000)* ("While a fundamental right to travel exists, there is no fundamental right to drive a motor vehicle.") (citing *Miller, 176 F.3d at 1205-06*)). Plaintiff's assertion that toll increases are infringing his constitutional rights fail to state a *§ 1983* claim.

### Robinson-Patman Act

Plaintiff fails to state a claim under the Robinson-Patman Act, which makes it unlawful for anyone

engaged in commerce:
> [t]o discriminate in price between different purchasers of commodities of like grade and quality, where ... the effect of such discrimination may be to substantially lessen competition... with any person who either grants or knowingly receives the benefits of such discrimination, or with customers of either of them.

15 U.S.C. § 13(a)(1997). Section 2(f) of the Robinson-Patman Act makes it unlawful for purchasers "knowingly to induce or receive a discrimination in price which is prohibited by this section." 15 U.S.C. § 13(f). "Liability under § 2(f) is derivative in nature-a buyer may be held liable under § 2(f) only if his seller could be held liable under § 2(a)." *Intimate Bookshop. Inc. v. Barnes & Noble. Inc., 88 F. Supp. 2d 133, 137 (S.D.N.Y. 2000)* (citing *Great Atl. & Pac. Tea Co. v. Federal Trade Comm'n, 440 U.S. 69, 77, 99 S. Ct. 925, 59 L. Ed. 2d 153 (1979))*. Plaintiff does not allege any discrimination in pricing, and the statute has no apparent applicability to the facts presented in Plaintiffs **[*6]** Complaint.

## CONCLUSION

The Clerk of Court is directed to assign this case to Chief Judge Loretta A. Preska. The Complaint, filed *in forma pauperis* under *28 U.S.C. § 1915(a)*, is dismissed for failure to state a claim on which relief may be granted and on immunity grounds. See *28 U.S.C. §§ 1915(e)(2)(B)(ii)*, *(iii)*.

The Court certifies, pursuant to *28 U.S.C. § 1915(a)(3)*, that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See *Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962)*.

SO ORDERED:

/s/ Deborah A. Batts

DEBORAH A. BATTS

Acting Chief United States District Judge

Dated: October 24, 2011

New York, New York

## CIVIL JUDGMENT

Pursuant to the order issued October 24, 2011 by the Honorable Deborah A. Batts, Acting Chief United States District Judge, dismissing the Complaint, it is,

**ORDERED, ADJUDGED AND DECREED**: That the Complaint be and is dismissed. See *28 U.S.C. § 1915(e)(2)(B)(ii)*. The Court certifies, pursuant to *28 U.S.C. § 1915(a)(3)*, that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.

/s/ Deborah A. Batts

DEBORAH A. BATTS

Acting Chief United States District Judge

Dated: October 24, 2011

New York, New York

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON __

**End of Document**